UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 11-20003-Civ-COOKE/TURNOFF

FREECHARM LIMITED,

    Plaintiff

vs.

ATLAS WEALTH HOLDINGS
CORPORATION, *et al.*,

    Defendants.

_____/

**ORDER ON CROSS MOTIONS FOR SUMMARY JUDGMENT**

THIS CASE is before me on Plaintiff's Motion for Partial Summary Judgment (ECF No. 6) and Defendants' Cross Motion for Final Summary Judgment (ECF No. 15). I have reviewed the record, the arguments, relevant legal authorities, and take judicial notice of *Atlas One Financial Group, LLC, et al. v. Freecharm Limited*, Case No. 10-mc-24539-MGC. For the reasons explained below, Plaintiff's Motion for Partial Summary Judgment is denied. Summary judgment is granted in favor of Defendants.

**I. Background**

This action arises from an alleged rogue securities brokerage operation operated by Atlas One Financial Group, LLC ("Atlas One Financial"). Plaintiff Freecharm Limited ("Freecharm") claims that from approximately mid-2007 through the end of 2008, Atlas One Financial brokers engaged in a pattern of "egregious misrepresentations and fraud" to Freecharm's detriment. Freecharm's claims against Atlas One Financial, its sister company Atlas One Capital Management, LLC ("Atlas One Capital"), and various Atlas One Financial brokers have been resolved in arbitration, where the arbitration panel denied Freecharm's claims in their entirety.

At issue in this case is whether Atlas One Financial's parent companies, officers and/or directors are liable for Atlas One Financial's actions, despite the absence of liability.

**A. The Relevant Parties**

Defendant Atlas One Holdings, LLC ("Atlas One Holdings") is the parent company of Defendant Atlas Wealth Holdings Corporation ("Atlas Wealth"). Atlas Wealth is a managing member and 75% owner of Atlas One Financial and Atlas Capital Management. All four companies operate out of the same office in Miami, Florida.

Defendant Paul Weiss is a managing partner of Atlas One Financial, managing partner of Atlas One Capital, and president and managing partner of Atlas One Holdings. Defendant Jorge Kalb is a managing partner of Atlas One Holdings, managing partner of Atlas One Capital, and chief financial officer, secretary and managing partner of Atlas One Holdings. Defendant Napoleon Aponte is the senior vice president of compliance, the chief compliance officer and anti-money laundering compliance officer of Atlas One Financial. Defendant Daniel Kalb is the chief executive officer and chairman of the board of directors of Atlas One Holdings and a manager of Atlas One Capital.

Jose Duclaud is the grantor and first level beneficiary of the Freecharm Trust, Freecharm's beneficial owner. In or about April 2004, Joe Duclaud opened an account with Atlas One Financial on behalf of Freecharm (the "Freecharm Account"). Atlas One Financial broker Gustavo Hegewisch managed the Freecharm Account. Freecharm alleges that on or about April 30, 2008, Gustavo Hegewisch restructured the Freecharm Account portfolio and

fraudulently and/or negligently invested 75% of the entire portfolio ($4,575,000) in one investment fund.[1]

### B. The Arbitration Proceedings

Freecharm is a member of the Financial Industry Regulatory Authority ("FINRA"). FINRA members are obligated to arbitrate disputes that arise in connection with their business. On or about February 24, 2009, Freecharm initiated arbitration proceedings against Atlas Wealth, Atlas One Financial, Atlas One Capital, Gustavo Hegewisch, Jorge Garcia-Garcia and Flavio Lobato. Atlas Wealth did not submit to the jurisdiction of the arbitration panel and was not party to the arbitration proceedings.

In its amended statement of claim, Freecharm asserted various causes of action against Atlas One Financial, Atlas One Capital, Gustavo Hegewisch, Jorge Garcia-Garcia and Flavio Lobato (the "Arbitration Respondents") for the alleged mismanagement of the Freecharm Account investment portfolio, including violation of Chapter 517, Florida Statutes, fraud, breach of fiduciary duty, gross negligence and negligent supervision. The FINRA arbitration panel held hearings in September 2010 and again in December 2010. On December 17, 2010, the panel entered an award summarizing Freecharm's cause of action as follows:

> The causes of action relate to, among other things, excessive use of margin, as well as the purchase in [Freecharm's] account of various securities including the following: Freeport McMoran Copper & Gold, Inc., Research in Motion Ltd., Apple, Inc., Alkeon Growth Offshore Fund, Ltd., Calyon Fund, Tital Petrochemicals Group SHS Ltd., Banco Macro SA JR SUB BD, NYSE Euronext Fund, Alsea SAB DE CV, America Movil-ADR Series L, Petroel Brasileiro A.A.-ADR Semiconductor Holders Trust, Global Fund and Latam Fund.

(*FINRA Dispute Resolution Award, Arbitration No. 09-01002*).

---

[1] Statistics show that positive investment returns are harder to come by with the sluggish economy and volatile stock market. The old adage of not putting all of your eggs in one basket can protect an investment portfolio, as diversification will usually lead to a higher return in the long run.

Throughout the arbitration proceedings, panel heard the testimony of ten witnesses and was presented with 159 exhibits. Based upon the arbitrators' review of the evidence, the credibility of the witnesses, and the application of the law, the panel found that Freecharm failed to prove that the Arbitration Respondents had engaged in fraud, breached a fiduciary duty, or were grossly negligent or negligent in handling the Freecharm Account. The arbitration panel also found no evidence that the Arbitration Respondents negligently supervised Atlas One Financial brokers/employees or the Freecharm Account. Because the panel found there was no underlying liability, there was therefore no secondary liability on behalf of Atlas One Financial or the individual respondents in their supervisory capacities. Thus, the arbitration panel found in favor of the Arbitration Respondents and held:

> After considering the pleadings, the testimony and evidence presented at the hearing, and the post-hearing submissions (if any), the Panel has decided in full and final resolution f the issues submitted for determination as follows:
>
> [Freecharm's] claims are denied in their entirety.
>
> Each party shall bear their own costs and attorneys' fees.
>
> Any and all claims for relief not specifically addressed herein, including [Freecharm's] request for punitive damages and [Freecharm's] claims for relief for violation of Chapter 517 of the Florida Statues, are denied.

(*Id.*).

On December 20, 2010, the Arbitration Respondents filed a Motion for Confirmation of Arbitration Award and Entry of Final Judgment with this Court. *Atlas One Financial Group, LLC, et al. v. Freecharm Limited*, Case No. 10-mc-24539-MGC. On May 15, 2011, the Court remanded the case to the FINRA arbitration panel for clarification as to why the award was rendered. (*Id.*, ECF No. 14). The clarification of the award was filed on July 11, 2011. (*Id.*,

4

ECF No. 15). After careful consideration of the clarification, this Court confirmed the award on September 28, 2011. (*Id.*, ECF No. 23).

### C. The Federal Action

On November 30, 2010, seventeen days prior to the issuance of the arbitration award, Freecharm filed a complaint in the Eleventh Judicial Circuit Court in and for Miami-Dade County against Defendants. Defendants removed the action to this Court on January 3, 2011. The complaint alleges that the corporate Defendants, as parent companies, and the individual Defendants, as corporate officers and directors, are liable for Atlas One Financial's alleged financial mismanagement and fraudulent misconduct. The complaint alleges the following causes of action: violation of Chapter 517, Florida Statutes (Count I); violation of Rule 20(a) of the Securities Exchange Act of 1934 against each Defendant separately (Counts II-VI); negligence in failure to supervise against Jorge Kalb, Paul Weiss and Napoleon Aponte (Counts VII-IX); vicarious liability against Defendants Atlas World, Jorge Kalb and Paul Weiss (Count X); and rescission against Defendant Atlas World (Count XI).

### D. Asserted Affirmative Defenses

Defendants assert affirmative defenses to every count in the complaint:

> [The] Count [] is barred in whole or in part by the doctrines of collateral estoppel and *res judicata*. The facts concerning the Freecharm [Account] have already been adjudicated by *Freecharm Limited v. Atlas One Financial Group, LLC, et al.*, FINRA Case No. 09-01002, where, after a full and fair hearing, the FINRA Arbitration Panel denied Freecharm Limited's claims in their entirety.

> Since there has already been a determination in Freecharm Limited v. Atlas One Financial Group, LLC, et al., FINRA Case No. 09-010200, that there was no wrongful conduct, there can be no control person liability. Therefore, [the] Count [] is barred in whole or in part.

(*See Def. Ans. and Affirm. Defenses*, ECF No. 4).

The parties have filed cross motions for summary judgment as to Defendants' affirmative defenses. Thus, the Court must determine whether Freecharm's claims are barred in whole or in part by the doctrines of *res judicata* or collateral estoppel.

## II. Legal Standard

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A fact is "material" when it relates to a substantive law at issue in the case and may affect the outcome of the nonmoving party's claim. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). An issue of fact is "genuine" if the record taken as a whole could lead a rational trier of fact to find for the nonmoving party. *Id*. "The moving party bears the initial burden to show the district court, by reference to materials on file, that there are no genuine issues of material fact that should be decided at trial." *Clark v. Coats & Clark, Inc.*, 929 F.2d 604, 608 (11th Cir. 1991). Rule 56(c) "requires the nonmoving party to go beyond the pleadings and by her own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The nonmoving party "may not rest upon the mere allegations or denials of his pleading, but . . . must set forth specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 248. The court must view the evidence in the light most favorable to the nonmoving party. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 158-59 (1970).

## III. Discussion

### A. Res Judicata

"*Res judicata* is a doctrine of claim preclusion; it refers to 'the preclusive effect of a judgment in foreclosing relitigation of matters that should have been raised in an earlier suit.'"

*Hart v. Yamaha-Parts Distrib., Inc.*, 787 F.2d 1468, 1470 (11th Cir. 1986) (quoting *Migra v. Warren City School Dist. Bd. of Educ.*, 465 U.S. 75, 77 n. 1 (1984)). The purpose behind the doctrine "is that the 'full and fair opportunity to litigate protects a party's adversaries from the expense and vexation of attending multiple lawsuits, conserves judicial resources, and fosters reliance on judicial action by minimizing the possibility of inconsistent decisions.'" *Ragsdale v. Rubbermaid, Inc.*, 193 F.3d 1235, 1238 (11th Cir. 1999) (quoting *Montana v. United States*, 440 U.S. 147 (1979)). "Claim preclusion 'extends not only to the precise legal theory presented in the previous litigation, but to all legal theories and claims arising out of the same operative nucleus of fact.'" *Hart*, 787 F.2d at 1470 (quoting *Olmstead v. Amoco Oil Co.*, 725 F.2d 627, 632 (11th Cir. 1984)).

A party seeking to invoke the doctrine of *res judicata* must establish four elements: "(1) the prior decision must have been rendered by a court of competent jurisdiction; (2) there must have been a final judgment on the merits; (3) both cases must involve the same parties or their privies; and (4) both cases must involve the same causes of action." *In re Piper Aircraft Corp.*, 244 F.3d 1289, 1296 (11th Cir. 2001). A court must also determine "whether the claim in the new suit was or could have been raised in the prior action; if the answer is yes, *res judicata* applies." *Id.* Awards rendered in arbitration can have a *res judicata* effect, similar to judgments entered by a court. *Greenblatt v. Drexel Burnham Lambert, Inc.*, 763 F.2d 1352 (11th Cir. 1985) ("[T]he determination of issues in an arbitration proceeding should generally be treated as conclusive in subsequent proceedings."); *City of Gainesville, Fla. v. Island Creek Coal Sales Co.*, 618 F. Supp. 513, 517 (N.D. Fla. 1984) ("Valid arbitration decisions are accorded *res judicata* and collateral estoppel effect."). The parties do not contest the fact that the arbitration

7

award was rendered by a court of competent jurisdiction. The parties do, however, contest the remaining prerequisites to *res judicata*.

### 1. Final Decision by FINRA Arbitration Panel

Atlas Wealth declined to submit to FINRA's jurisdiction and the arbitration proceedings continued against the remaining Arbitration Respondents. Freecharm, in turn, initiated this civil action against Atlas Wealth on November 30, 2010. Defendants argue that Freecharm should not be allowed to "hedge its bet" by filing this action, even before the arbitration award was rendered, because the issues litigated in arbitration have a preclusive effect on Freecharm's claims. Freecharm argues that *res judicata* applies only where a final judgment confirming an arbitration award is entered before the initiation of a subsequent proceeding.

An arbitration panel's decision is afforded considerable deference. *Osram Sylvania, Inc. v. Teamsters Local Union*, 87 F.3d 1261, 1263 (11th Cir. 1996). Confirmation of an arbitration award does not add significant weight to the validity of the award. Under the Federal Arbitration Act, 9 U.S.C. § 9 and 10, confirmation of an award is a summary proceeding that makes what is already a final arbitration award a judgment of the court. *See Cat Charter, LLC v. Schurtenberger*, 646 F.3d 836, 842 (11th Cir. 2011) (a court's confirmation of an award is usually routine or summary). Indeed, the Federal Arbitration Act creates a presumption in favor of confirming arbitration awards. *Riccard v. Prudential Ins. Co.*, 307 F.3d 1277, 1288 (11th Cir. 2002). As a final ruling from the arbitration panel, it therefore follows that unless the award is vacated, modified or corrected, issues decided in arbitration are foreclosed by the determination(s) made by the arbitrator. *See* 9 U.S.C. § 9.

The Eleventh Circuit is silent as to whether an unconfirmed arbitration award is accorded *res judicata* effect. Federal courts in other jurisdictions, however, have given preclusive effect to

unconfirmed arbitration awards. *See, e.g., Wellons v. T.E. Ibberson Co.*, 869 F.2d 1116, 1169 (8th Cir. 1989) (affirming grant of summary judgment based on collateral estoppel effect of unconfirmed arbitration award); *Jacobson v. Fireman's Fund Ins. Co.*, 111 F.3d 261, 267-68 (2d Cir. 1997) ("res judicata and collateral estoppel apply to issues resolved by arbitration where there has been a final determination on the merits, notwithstanding the a lack of confirmation of the award"); *Witkowski v. Welch*, 173 F.3d 192, 199 (3d Cir. 1999) (unconfirmed arbitration award has the effect of a final judgment on the merits). In light of the deference afforded to arbitration awards, I adopt the decisions applying the doctrines of *res judicata* to final, but unconfirmed, arbitration awards and find that an unconfirmed arbitration award has a preclusive effect on subsequent litigation proceedings.

In addition to contesting the preclusive nature of an unconfirmed award, Freecharm also challenges preclusion because the award did not exist when Freecharm initiated this parallel proceeding. "In parallel litigation, a federal court may be bound to recognize the claim-and-issue-preclusive effects of a state-court judgment" under the Full Faith and Credit Act, 28 U.S.C. § 1738. *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 293 (2005). The Supreme Court has held that the mandate of § 1738 does not apply to unconfirmed arbitration awards because arbitration is not a "judicial proceeding" within the meaning of the Act. *McDonald v. City of West Branch, Michigan*, 466 U.S. 284, 287-88 (1984) (unreviewed arbitration decision does not preclude a federal court action). A court's confirmation of an arbitration award, however, constitutes a judicial proceeding for purposes of § 1738, and thus must be given full faith and credit. *See Caldeira v. County of Kauai*, 866 F.2d 1175, 1178 (9th Cir. 1989) (state court confirmation of arbitration award binding upon federal district court under full faith and credit); *Rider v. Penn.*, 850 F.2d 982, 994 (3d Cir. 1988), *cert. denied*, 488 U.S.

9

993 (1988) (giving preclusive effect in subsequent Title VII suit to a state court's review of an arbitrator's decision); *Ryan v. City of Shawnee*, 13 F.3d 345, 347 (10th Cir. 1993) (section 1738 mandates that state court decision affirming an arbitration award be given the same effect as a state court judgment); *Kahn v. Smith Barney Shearson, Inc.*, 115 F.3d 930, 932 (11th Cir. 1997) (applying New York law, confirmation of arbitration award gives preclusive effect to state court decision under full faith and credit). The arbitration award has been confirmed. It is final and binding upon this Court.

### 2. Privity

"Privity is defined as a relationship between one who is a party of record and a nonparty that is sufficiently close so a judgment for or against the party should bind or protect the nonparty." *Hart*, 787 F.2d at 1472; *see also N.A.A.C.P. v. Hunt*, 891 F.2d 1555, 1560-61 (11th Cir. 1990). Privity can be found in a variety of circumstances: (1) where the party and nonparty have concurrent interests in the same property right; (2) where the nonparty controlled the original action; (3) where the nonparty succeeded the party's interest in property; and (4) where the nonparty's interests were represented adequately by the party in the original action. *Id.* (citing *Southwest Airlines co. v. Texas Int'l Airlines*, 546 F.2d 84, 95 (5th Cir. 1977).[2]

Freecharm argues that there is no privity because Atlas Wealth and Atlas One Holdings are separate and distinct entities from their subsidiaries Atlas One Financial and Atlas One Capital. Freecharm further argues that there is no privity among the individual Defendants because the claims asserted in this action "relate[] to their capacities as directors, officers, and/or managers of [Atlas Wealth] and [Atlas One Holdings], not as associated persons affiliated with

---

[2] The Eleventh Circuit has adopted, as binding precedent, all decisions of the former Fifth Circuit handing down prior to the close of business on September 30, 1981. *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc).

[Atlas One Financial]." (*Pl.'s Mot. for Summ. J.* 12, ECF No. 6). I disagree, as even a casual reading for the complaint suggests otherwise.

> In the complaint's opening summary of the action, Freecharm alleges that:
>
> The Defendants in this action are the parent companies of Atlas One [Financial], these parent companies' officers and directors, and those in a supervisory capacity over Atlas One [Financial]. The parent companies and their subsidiaries were controlled by the same persons, operated out of the same facilities, and certain of the subsidiary's financial obligations were paid by checks drawn on the parent's bank account.

(*Compl*. 2, ECF No. 1). By Freecharm's own account, "[Atlas Wealth] operated mainly as a shell corporation of its subsidiaries" and its "corporate structure was solely to profit from the business of its subsidiaries." (*Id*. ¶¶ 22, 23). Freecharm also alleges that "[t]hrough [Atlas Wealth], [Atlas One Holdings] directs and controls the management and policies of Atlas One [Financial]." (*Id*. ¶ 9). Freecharm asserts that Daniel Kalb, Jorge Kalb and Paul Weiss, as corporate officers, directors and/or managing members of Atlas One Financial and Atlas Wealth, "influenced, directed and controlled [Atlas One Financial] with regard to its actions, representations, and omissions." (*Id*. ¶¶ 130, 138, 146). Napoleon Aponte's alleged liability for negligence, along with the remaining individual defendants, is premised in his failure to supervise Atlas One Financial employees, including Gustavo Hedgewisch. (*Id*. ¶¶ 151-170).

The 182-paragraph complaint is almost entirely dedicated to Atlas One Financial's alleged wrongdoings. Paragraphs 1-15 assert jurisdiction, parties, and venue. Paragraphs 16-24 discuss Atlas Wealth's corporate structure as it relates to Atlas One Financial. Paragraphs 25-31 provide the factual background as to how Joe Duclaud, via Freecharm, entrusted his life savings to Atlas One Financial.[3] Paragraphs 32-81 allege Atlas One Financial's unauthorized trading,

---

[3] The expression "don't put all your eggs in one basket" generally means not to risk losing everything by pinning all of your hopes or futures in one and only one option. Wherever the

fraudulent misrepresentations, account alterations, and federal securities law violations. Count I asserts that Defendants are liable for Atlas One Financial's alleged violation Florida Statutes §§ 517.301 and 517.211. The alleged violations of Rule 20(a) of the Securities Exchange Act of 1934 (Counts II-VI) assert that the Defendants influenced, directed and controlled the actions of Atlas One Financial. The negligent supervision claims (Counts VII-IX) assert that Jorge Kalb, Paul Weiss, and Napoleon Aponte failed to supervise Atlas One Financial employees. Count X asserts that Atlas Wealth, Jorge Kalb and Paul Weiss are vicariously liable for Atlas One Financial's and Atlas One Capital's actions. Lastly, Count XI asserts that Atlas Wealth is liable for the false statements made by Atlas One Financial employees.

      Freecharm cannot attempt to assert liability against Atlas Wealth and Atlas One Holdings for the actions of their subsidiaries through their direction, control and management of Atlas One Financial, while simultaneously arguing that there is no privity between the parties. Likewise, Freecharm cannot argue that the individual defendants are liable in their capacities solely as officers for Atlas Wealth while in the same breath argue that the individual defendants are responsible for Atlas One Financial's "rogue securities brokerage operation." Simply stated, Freecharm cannot have its cake and eat it too. The complaint in its entirety, as well as the facts and arguments presented on summary judgment, establish that the interests of the Arbitration Respondents are parallel to Defendants' interest in this action. Those interests were adjudicated and represented adequately during the arbitration proceedings. There is indeed privity between the parties.

---

basket goes, the eggs must follow. If the basket falls off the wagon, all of the eggs will break. In other words, investing all of one's time, energy, attention or money in a single endeavor can be a recipe for personal disappointment or even tragedy.

### 3. The Same Cause of Action

*Res judicata* applies to claims that were raised in a prior action and claims that could have been raised. Claims that "could have been raised" are claims that were "in existence at the time the original complaint is filed or claims actually asserted in the earlier action." *In re Piper*, 244 F.3d 1289. In determining whether prior and present causes of action are the same, the court must determine whether the actions arose "out of the same nucleus of operative fact, or were based on the same factual predicate". *Davila v. Delta Air Lines, Inc.*, 326 F.3d 1183 (11th Cir. 2003) (citing *In re Piper*, 244 F.3d at 1297). "The issue is not what effect the present claim might have had on the earlier one, but whether the same facts are involved in both cases, so that the present claim could have been effectively litigated with the prior one." *In re Piper*, 244 F.3d 1301 (quoting *In re Baudoin*, 981 F.2d 736, 743 (5th Cir. 1993)).

Freecharm contends that the arbitration and this case involve different causes of action, different parties and a significantly different operate nucleus of fact. Freecharm asks this Court to examine the factual issues presented at arbitration and compare them with the factual issues asserted in the complaint to find that the claims could not have been raised in arbitration. A review of the facts, claims, and legal arguments does not lead to a conclusion favorable to Freecharm. Freecharm's FINRA amended statement of claim alleges that Atlas One Financial and/or its brokers took advantage of Freecharm by engaging in unauthorized trading without Freecharm's authorization in violation of specified regulations and misrepresented the value of Freecharm investments by altering account documents. (*Amended Statement of Claim*, ECF No. 9-4). The complaint relies on the same factual predicate. (*See Compl*. ¶¶ 32-42; 46-92). Both actions arise from the same nucleus of operative facts. Freecharm's claims against the individual Defendants could have easily been brought in the arbitration proceeding as the factual foundation

for their alleged liability rests upon their capacities as officers, directors and/or managing members of Atlas One Financial. Indeed, Jorge Kalb, Paul Weiss and Napoleon Aponte participated and/or testified during the arbitration hearings. (*Jorge Kalb Aff*. ¶¶ 8, 29). Freecharm's argument that the claims against the corporate defendants could not have been brought in arbitration because Atlas Wealth refused to consent to jurisdiction also fail as the claims pertaining to Atlas One Financial's alleged wrong doing – which Freecharm seeks to hold the corporate Defendants responsible – was effectively adjudicated at arbitration. Freecharm demanded arbitration, framed the issues, fully litigated them and lost. Freecharm's claims are barred by the doctrine of *res judicata*.

### B. Collateral Estoppel

Defendants also argue that Freecharm's claims are barred by the doctrine of collateral estoppel. Collateral estoppel applies where: (1) the issue at stake is identical to the one alleged in the prior action; (2) the issue was actually litigated in the prior action; (3) the determination of the issue in the prior litigation was a critical and necessary part of the judgment in the prior action; and (4) the party against whom the earlier decision is asserted must have had a full and fair opportunity to litigate the issue in the prior action. *Greenblatt*, 763 F. 2d at 1360. As discussed above, the issues adjudicated in arbitration are identical to the issues pending before this Court. Freecharm fully and fairly litigated those issues - Atlas One Financial's purported mismanagement, misrepresentations and fraud relating to the Freecharm Account – in arbitration. The determination of Atlas One Financial's liability, or lack thereof, was necessary to the binding judgment of the arbitration panel. Accordingly, Freecharm's claims are also barred by the doctrine of collateral estoppel. *Id.* ("An arbitration decision can have *res judicata* or collateral estoppel effect, even if the underlying claim involves the federal securities laws.").

## IV. Conclusion

Where parties have had a full and fair opportunity to litigate the pertinent issues before an arbitration panel, it would be unfair to provide the losing party with a "second bit of the apple." Freecharm may not circumvent the arbitration process, the principles of privity or judicial economy by reasserting its claims in federal court. Freecharm's claims are barred. Accordingly, I hereby **ORDER and ADJUDGE** that Freecharm's Motion for Partial Summary Judgment (ECF No. 6) is **DENIED**. Defendants' Motion for Final Summary Judgment (ECF No. 15) is **GRANTED**. The Clerk is directed to **CLOSE** this case. All pending motions are **DENIED** *as moot*.

**DONE and ORDERED** in chambers at Miami, Florida this 30th day of September 2011.

*/s/ Marcia G. Cooke*
MARCIA G. COOKE
United States District Judge